UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  CV 20-9432-DSF (RAO)                                    Date:  April 18, 2022
Title:  Darren L. Harris v. J. McMahon

Present:   The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**        (In Chambers) **ORDER TO SHOW CAUSE**

On November 2, 2020, the Court denied Plaintiff's request to proceed without prepayment of filing fees ("IFP Request") and dismissed the complaint with leave to amend. Dkt. No. 4. The order provided that Plaintiff may re-submit his IFP Request and an amended complaint within 30 days. *Id.* The Court granted Plaintiff two extensions, and on February 16, 2021, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. Nos. 6, 8, 9. Plaintiff did not re-submit his IFP Request. On October 8, 2021, the Court dismissed the FAC with leave to amend. Dkt. No. 12. On March 2, 2022, the Court granted Plaintiff an extension to file his amended complaint and reset the deadline to April 1, 2022. Dkt. No. 16. The Court warned Plaintiff that failure to meet the filing deadline may result in a recommendation that the matter be dismissed. *Id.*

To date, Plaintiff has not filed an amended complaint. Additionally, Plaintiff has not re-submitted an IFP Request. **Plaintiff is ordered to show cause, in writing, no later than May 18, 2022,** why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. Alternatively, Plaintiff may discharge this Order by filing his Second Amended Complaint and an IFP Request on or before this deadline.

The Court clarifies one sentence from the October 8, 2021 order dismissing Plaintiff's FAC with leave to amend. *See* Dkt. No. 12 at 4 ("Because Plaintiff may be able to amend the FAC so as to state a cause of action for retaliation - and only for retaliation, - the Court will grant him one last opportunity to do so."). While the Court believes that only the defects related to Plaintiff's retaliation claim could be cured by amendment, the October 8, 2021 order does not preclude Plaintiff from attempting to allege facts to cure the defects of his other claims or from continuing to bring such claims in his SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  CV 20-9432-DSF (RAO)                                                     Date:  April 18, 2022
Title:  Darren L. Harris v. J. McMahon

**Plaintiff is expressly advised that failure to timely file a response to this Order will result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

Initials of Preparer   :  dl